```
                          UNITED STATES DISTRICT COURT
                          FOR THE DISTRICT OF COLUMBIA
```

```
_____
                              )
PAIGE INTERNATIONAL, INC.,    )
                              )
          Plaintiff,          )
                              )   Civil Action No. 03-2213 (EGS)
          v.                  )
                              )
UNITED STATES DEPARTMENT OF,  )
TRANSPORTATION, et al.,       )
                              )
          Defendants.         )
_____)
```

**MEMORANDUM OPINION**

Plaintiff Paige International is a small business wholly owned by Charles Paige, a disabled veteran. Paige International filed this action against the Defendants United States Department of Transportation ("DOT") and Norman Mineta, in his capacity as the Department's Secretary, challenging the DOT's decision affirming the Maryland Department of Transportation's ("MDOT") determination that plaintiff is not eligible for Disadvantaged Business Enterprise ("DBE") certification.

In an Order dated September 29, 2004, having found the record insufficient to support DOT's decision denying plaintiff DBE certification, this Court remanded the decision to the agency for further consideration and clarification. On October 29, 2004, DOT issued its decision on remand, concluding that plaintiff had not met his burden of demonstrating social and economic disadvantage and that therefore MDOT's denial of

plaintiff's DBE certification was justifiable.[1]  *See* Remand Decision at 1.

Pending before the Court are cross motions for summary judgment.  Pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), plaintiff contends that DOT's decision is arbitrary, capricious, an abuse of discretion, and not in accord with the law.  *See* Pl. Renewed Cross Motion for Summary Judgment ("Pl. Mot.") at 1-2.  Defendants, on the other hand, maintain that DOT's decision on remand is supported by the record and that defendants are therefore entitled to summary judgment.

**I.   Standard of Review**

Summary judgment is granted pursuant to Federal Rule of Civil Procedure 56 only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court views the evidence in the light most favorable to the nonmoving party, according the party the benefit of all reasonable inferences.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Thus, in ruling on cross motions for summary judgment, the Court will grant summary judgment only if one of the moving parties is entitled to judgment as a matter of

---

[1] On October 29, 2004, defendants filed a Notice with the Court in this case and attached a copy of the agency's decision on remand as Exhibit 1.  This Opinion will refer to that exhibit as "Remand Decision."

law upon material facts that are not in dispute.  *See Rhoads v. McFerran*, 517 F.2d 66, 67 (2d Cir. 1975).

In a review of agency action pursuant to the APA, the Court must determine whether the challenged decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  In reviewing an agency's action, the Court must engage in a "thorough, probing, in-depth review" to determine "whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment."  *See Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 415-16 (1971).  However, while the Court's inquiry must be "searching and careful," the standard of review is also a highly deferential one; the agency's actions are "entitled to a presumption of regularity," and the Court cannot "substitute its judgment for that of the agency."  *Id.* at 415-16.

**II.  Background**

In May 2002, Paige International applied to the Maryland Department of Transportation for certification as a Disadvantaged Business Enterprise, which would make it eligible for an MDOT program channeling a portion of federal transportation funds to selected small businesses.  Because of the MDOT program's link to federal funding, the program must comply with DOT regulations.  Although Paige International had been certified as a DBE in two

similar programs,[2] MDOT denied Paige International's application on the grounds that Mr. Paige was not a socially and economically disadvantaged person as required by DOT regulations. A.R. at 116. MDOT's decision noted Mr. Paige's education, his employment in his area of expertise for over 10 years, Paige International's revenues, Paige International's customers, and the absence of any evidence that Mr. Paige was denied financing or bonding opportunities due to his disability. *See* A.R. at 023-024.

Paige International appealed MDOT's decision to DOT, arguing that it was unsupported by substantial evidence and contrary to applicable law. *See* Compl. at ¶ 26. In a Final Order, dated September 29, 2003, DOT summarily found that Paige International had "not met its burden of demonstrating that [its owner] is a socially and economically disadvantaged individual pursuant to the requirements of the [governing] regulation," 49 C.F.R. Part 26. *See* A.R. at 001.

Plaintiff filed the instant suit and moved for summary judgment on the grounds that DOT's Final Order was arbitrary, capricious, and an abuse of discretion, in violation of the

---

[2] At the time of its application to MDOT, Paige International was certified with the District of Columbia and the Metropolitan Washington Airport Authority. A.R. at 283-85. In determining DBE eligibility, an agency has the discretion to disregard an applicant's certification in other DBE programs. 49 C.F.R. § 26.83(e)(3).

Administrative Procedure Act, 5 U.S.C. §§ 702, 706(2)(A). Defendants requested that the Court affirm the DOT's decision.

The Court remanded the administrative record to the agency for clarification and supplementation on the issue of whether Paige International had established social and economic disadvantage sufficient to satisfy the eligibility requirements for DBE certification under 49 C.F.R. Part 26.  On remand, the agency affirmed MDOT's determination that Paige International was not eligible for DBE certification.  The parties then filed cross motions for summary judgment.

Upon consideration of the motions, the responses thereto, and the replies in support thereof, as well as the Administrative Record, the Remand Decision, and the entire record in this case, the Court concludes that defendants' motion should be **GRANTED** and the plaintiff's motion should be **DENIED**.

**III. Discussion**

**A.   Disadvantaged Business Enterprise Certification Regulations**

The Department of Transportation has promulgated regulations establishing eligibility requirements for the Disadvantaged Business Enterprise program, which was designed to ensure that not less than ten percent of the federal funds authorized for highway and transit projects are spent with small businesses owned and controlled by socially and economically disadvantaged individuals.  *See* 49 C.F.R. Part 26. State agencies receiving

federal transportation funds must apply the eligibility criteria established in the regulations in determining whether an individual or business can be certified as a DBE.  *See* 49 C.F.R. § 26.67(d).

Women and members of certain minority groups are rebuttably presumed to be socially and economically disadvantaged.  *Id.* at § 26.67(a)(1).  Individuals who do not fall into one of those groups but seek to be certified as a DBE bear the burden of establishing, by a preponderance of the evidence, that they are socially and economically disadvantaged.  *Id.* at § 26.67(d); 26.61.

Appendix E to the regulations provide guidance to state agencies when making their case-by-case determinations of DBE eligibility for those individuals not rebuttably presumed to be socially and economically disadvantaged.  According to the regulations, evidence of social disadvantage must include:

> (1) at least one objective distinguishing feature that has contributed to social disadvantage, such as race, ethnic origin, gender, disability . . . or other similar causes not common to individuals who are not socially disadvantaged; (2) personal experiences of substantial and chronic social disadvantage in American society, not in other countries; and (3) negative

>impact on entry into or advancement in the business world because of the disadvantage.

49 C.F.R. Part 26, Appendix E(I)(A)-(C).  In all cases, the reviewing agency "will consider education, employment and business history, where applicable, to see if the totality of circumstances shows disadvantage in entering into or advancing in the business world."  *Id.* at (C).

According to the regulations, "[e]conomically disadvantaged individuals are socially disadvantaged individuals whose ability to compete in the free enterprise system has been impaired due to diminished capital and credit opportunities as compared to others in the same or similar line of business who are not socially disadvantaged."  *Id.* at (III)(A).  Factors to be considered when determining economic disadvantage include "factors relating to the personal financial condition of any individual claiming disadvantaged status, including personal income for the past two years, ... personal net worth, and the fair market value of all assets, whether encumbered or not.  Recipients will also consider the financial condition of the applicant compared to the financial profiles of small businesses in the same primary industry classification ..."  *Id.* at (C).

**B.   Plaintiffs' Application for Certification as a DBE**

Plaintiff Paige International is wholly owned and controlled by Charles R. Paige, Jr.  Compl. at ¶ 9.  According to the

7

record, Mr. Paige was shot in the back while serving in the armed forces during the Vietnam War and as a result of this war injury, he experiences chronic pain, an inability to stand or sit for prolonged periods of time, depression, and a number of other significant physical impairments.  A.R. at 139-40, 142. Defendants do not dispute that Mr. Paige is a disabled veteran. *See* Remand Decision at 4.

In his appeal to DOT of MDOT's decision denying plaintiff DBE certification, Mr. Paige maintained that more than ninety percent of plaintiff's contracts were obtained through certification in the District of Columbia and Metropolitan Washington Airport Authority small and disadvantaged business programs; that the company operated at a loss between 2000 and 2002; that plaintiff had never been able to secure a line of credit; that Mr. Paige's salary as president of the company was below average when compared to similar industry groups; and that Mr. Paige's income significantly declined between 1998 and 2000. Compl. at ¶ 27.

Plaintiff maintains that DOT's remand decision affirming the agency's original decision that MDOT was justified in denying plaintiff DBE certification should be reversed.  Plaintiff argues that the agency failed to consider that the vast majority of Paige International's contracts were obtained as a result of other government disadvantaged business programs and, in

addition, that the agency improperly analyzed plaintiff's dire financial condition when determining whether plaintiff was economically disadvantaged.

**C.   DOT's Decision on Remand**

On remand, DOT concluded that plaintiff had not met its burden to show that Mr. Paige was a socially <u>and</u> economically disadvantaged individual.  *See* Remand Decision at 2.

**1.   Social Disadvantage**

DOT found that Mr. Paige "did not meet his burden in showing, by a preponderance of the evidence, that he has been subjected to racial or ethnic prejudice or cultural bias within American society because of his disability."  *Id.* at 3.  DOT first determined that Mr. Paige's disability did satisfy the regulation's "objective feature" requirement.  *Id*. at 4 (citing 49 C.F.R. Part 26, Appendix E).  However, as mandated by the regulations, the agency went on to consider Mr. Paige's education, employment and business history, in order to determine "if the totality of circumstances shows disadvantage in entering into or advancing in the business world."  49 C.F.R. Part 26, Appendix E(C).

The agency noted that Mr. Paige's resume "clearly reveals that he has overcome many of the barriers to entering business suffered by all entrants into the business world."  *See* Remand Decision at 7.  For example, according to the record relied on by

MDOT and DOT, Mr. Paige has earned two advanced degrees, has been employed in his area of expertise for more than fourteen years, and has won contracts with the White House, State Department and the Department of Defense.  *Id.* at 8.

Moreover, DOT concluded on remand that the record evidence did not support a conclusion that the bulk of plaintiff's contracts had come through other disadvantaged business programs, in part because plaintiff did not indicate on the MDOT application what part, if any, of plaintiff's three largest contracts had an MBE portion.  *Id.* at 7.  Moreover, DOT noted that plaintiff's argument of reliance on MBE programs was contradicted by other evidence in the record that plaintiff had asserted it had not been successful in obtaining government contracts.  *Id.*

Thus, in looking at the totality of the circumstances, DOT concluded that Mr. Paige "has not been isolated from the mainstream American society" and that his "personal experiences do not substantiate social disadvantage."  *Id.*

2. **Economic Disadvantage**

Although the regulations require that owners must be both socially and economically disadvantaged in order for their business to qualify for MBE certification, and, as discussed above, the agency determined that Mr. Paige is not socially disadvantaged, DOT nevertheless conducted an analysis of economic disadvantage.  *Id.* at 9.

According to the regulations, state agencies are to determine if an applicant for MBE certification is owned by an "economically disadvantaged individual" using the following guidelines:

> (A) General.  Economically disadvantaged individuals are socially disadvantaged individuals whose ability to compete in the free enterprise system has been impaired due to diminished capital and credit opportunities as compared to others in the same or similar line of business who are not socially disadvantaged.
>
> ***
>
> (C) Factors to be considered.  In considering diminished capital and credit opportunities, recipients will examine factors relating to the personal financial condition of any individual claiming disadvantaged status, including personal income for the past two years ..., personal net worth, and the fair market value of all assets, whether encumbered or not. Recipients will also consider the financial condition of the applicant compared to the financial profiles of small businesses in the same primary industry classification, or, if not available, in similar lines of business, which are not owned and controlled by socially and economically disadvantaged individuals in evaluating the individual's access to credit and capital.  The financial profiles that recipients will compare include total assets, net sales, pre-tax profit, sales/working capital ration, and net worth.

49 C.F.R. Part 26, Appendix E.

Plaintiff contends that the department erred because it did not compare Mr. Paige's salary alone - but rather compared Mr. and Mrs. Paige's combined salaries - with average salaries paid by comparable firms.  Pl. Mot. at 6-7.  Moreover, plaintiff contends that Paige International has never been able to achieve a line of credit and has demonstrated a "continuing financial deterioration."  *Id*.

11

The remand decision, however, noted that plaintiff's gross receipts from 1999 to 2001 exceeded $800,000 and that Mr. Paige's salary alone "is consistent with the industry's averages supplied by Paige for comparable non-MBE firms." *See* Remand Decision at 12. DOT "agree[d with MDOT] that the record information does not contain any supportive documentation substantiating that Paige International was denied access to credit, financing, or bonding due to Mr. Paige's disability." *Id.* DOT went on to state in a letter to plaintiff's counsel:

> [a]lthough Paige International may have not realized a profit in certain years, the record shows that he has been repeatedly successful in winning contracts, some of them substantial. ... It is important to note that various market conditions may play a part in a firm's current financial situation. However, you have not adequately demonstrated that these conditions are a direct result of your client's disability as opposed to general economic realities of the information technology industry market.

*Id.*

**IV. Conclusion**

After careful review of the record in this case, and mindful of the standard of review appropriate in a challenge to an agency decision brought pursuant to the APA, 5 U.S.C. § 706(2)(A), the Court concludes that DOT's decision on remand was reasonable and not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *See Motor Vehicles Mfg. Assoc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *Nat'l Trust for Historic Pres. v. Dole*, 828 F.2d 776, 782 (D.C. Cir.

1987).  As demonstrated by DOT's decision on remand, the agency clearly considered the full record before it and applied the appropriate regulations in determining whether MDOT erroneously denied plaintiff MBE certification.  The record supports MDOT and DOT's conclusion that plaintiff did not sustain its burden to establish that Mr. Paige is both socially and economically disadvantaged.  Therefore, defendants' supplemental motion for summary judgment is **GRANTED** and plaintiff's cross motion for summary judgment is **DENIED** and this case is **DISMISSED**.  Pursuant to Rule 58, a separate order accompanies this memorandum opinion.

**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            September 27, 2005**